IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | NO. 3:20-CR-0002-X |
| MARK DAVID SCHNEIDER | |

# **PLEA AGREEMENT**

Mark David Schneider, the defendant, Jeffrey Ansley and Katherine Devlin, the defendant's attorneys, and the United States of America (the government) agree as follows:

1. **Rights of the defendant**: The defendant understands that the defendant has the rights:

    a. to plead not guilty;

    b. to have a trial by jury;

    c. to have the defendant's guilt proven beyond a reasonable doubt;

    d. to confront and cross-examine witnesses and to call witnesses in the defendant's defense; and

    e. against compelled self-incrimination.

2. **Waiver of rights and plea of guilty**: The defendant waives these rights and pleads guilty to the offense alleged in Count One of the indictment, charging a violation of 18 U.S.C. § 371 (42 U.S.C. § 1320a-7b(b)(1), that is Conspiracy to Solicit and Receive Kickbacks. The defendant understands the nature and elements of the crime

to which the defendant is pleading guilty, and agrees that the factual resume the defendant has signed is true and will be submitted as evidence.

3. **Sentence**: The maximum penalties the Court can impose include:

   a. imprisonment for a period not to exceed five years;

   b. a fine not to exceed $250,000, or twice any pecuniary gain to the defendant or loss to the victim(s);

   c. a term of supervised release of not more than three years, which may be mandatory under the law and will follow any term of imprisonment. If the defendant violates the conditions of supervised release, the defendant could be imprisoned for the entire term of supervised release;

   d. a mandatory special assessment of $100;

   e. restitution to victims or to the community, which is mandatory under the law, and which the defendant agrees may include restitution arising from all relevant conduct, not limited to that arising from the offense of conviction alone;

   f. costs of incarceration and supervision; and

   g. forfeiture of property.

4. **Immigration consequences**: The defendant recognizes that pleading guilty may have consequences with respect to the defendant's immigration status if the defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses. The defendant understands this may include the offense to which the defendant is pleading guilty, and for purposes of this plea agreement, the defendant assumes the offense is a removable offense. Removal and other immigration

consequences are the subject of a separate proceeding, however, and the defendant understands that no one, including the defendant's attorney or the district court, can predict to a certainty the effect of the defendant's conviction on the defendant's immigration status. The defendant nevertheless affirms that the defendant wants to plead guilty regardless of any immigration consequences that the defendant's plea of guilty may entail, even if the consequence is the defendant's automatic removal from the United States.

5. **Sentencing agreement**: Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the parties agree that the appropriate term of imprisonment in this case is a length no greater than 24 months. If the Court accepts this plea agreement, this sentencing provision is binding on the Court. Other than the agreed term of imprisonment, there are no other sentencing limitations, and the Court remains free to determine the appropriate sentence under the advisory United States Sentencing Guidelines and 18 U.S.C. § 3553.

6. **Rejection of agreement**: Pursuant to Federal Rule of Criminal Procedure 11(c)(5), if the Court rejects this plea agreement, the defendant will be allowed to withdraw the defendant's guilty plea. If the defendant declines to withdraw the defendant's guilty plea, the disposition of the case may be less favorable than that contemplated by the plea agreement.

7. **Mandatory special assessment**: Prior to sentencing the defendant agrees to pay to the U.S. District Clerk the amount of $100 in satisfaction of the mandatory special assessment in this case.

8. **Restitution:** Pursuant to 18 U.S.C. § 3663A, the parties agree and stipulate that restitution is mandatory in this case. Pursuant to 18 U.S.C. §§ 3663A and 3663(a)(3), the parties agree and stipulate that the defendant shall owe restitution of at least $4,420,135.97, as follows:

| Victim | Amount |
|---|---|
| Medicare | $55,893.68 |
| Tricare | $1,904,511.05 |
| DOL-OWP | $2,459,731.24 |
| **Total** | **$4,420,135.97** |

The defendant agrees that the Court is authorized to order, and the defendant agrees to pay, restitution for all losses resulting from the offense of conviction and all relevant conduct. Defendant agrees that, for the purpose of this Plea Agreement, restitution for relevant conduct shall include conduct beyond that described in the indictment and factual resume. Specifically, it shall include any claims paid by Medicare, Tricare, and DOL-OWP to Total RX and Doctors Specialty Pharmacy in which the defendant and/or the defendant's co-conspirators paid or received kickbacks in or about March 2015 through in or about October 2015. The defendant agrees that the stipulated restitution amount reflects the practical, applicable restitution amount in this case given the defendant's financial resources and future earning capacity. By entering into this plea agreement, the defendant represents that he additionally agrees to the following:

    a. **Joint and Several Liability:** The defendant agrees that restitution in this case shall be ordered to be paid jointly and severally with the following defendants:

| Defendant | Amount | Case Number |
|---|---|---|
| Sabrina Kuykendall | $4,420,135.97 | 3:20-CR-002 (N.D. Tex.) |
| Kevin Kuykendall | $4,420,135.97 | 3:20-CR-002 (N.D. Tex.) |
| Michael Schneider | $4,420,135.97 | 3:20-CR-002 (N.D. Tex.) |
| Trenton Moody | $257,500.00 | 3:20-CR-021 (N.D. Tex.) |
| Moky Cheung | $127,510.00 | 3:20-CR-071 (N.D. Tex.) |
| Michael Nguyen | $591,142.00 | 3:20-CR-138 (N.D. Tex.) |

b. **Payment:** Mark Schneider agrees to pay a total of $125,000.00 within 14 days of execution of this plea agreement to the Department of Justice Lockbox, as detailed in the Asset Preservation Agreement attached as Exhibit A. The United States agrees that any amounts paid by Mark Schneider and Michael Schneider in criminal restitution in this case shall also count towards any civil settlement and/or judgment in the False Claims Act case United States v. Medoc Health Services, LLC, et al., Civ. No. 3:17-CV-2977-M (N.D. Tex., Dallas Division).

c. **Due and payable immediately:** The defendant fully understands that any financial obligation imposed by the Court for restitution, fines, and/or special assessments, is due and payable immediately.

d. **Payment schedule does not alter the United States' ability to collect:** In the event the Court imposes a schedule for payment, the defendant agrees that such a schedule represents a minimum payment obligation and does not preclude the U.S. Attorney's Office from pursuing any other means by which to satisfy the defendant's full and immediately enforceable financial obligation. The defendant understands that Defendant's financial obligation does not end with any term supervised release or probation.

e. **Credit Check:** The defendant expressly authorizes the United States Attorney's Office to immediately obtain a credit report on the defendant to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

9. **Defendant's agreement**: The defendant shall not knowingly provide false information to the U.S. Probation Office (USPO), the Court, or the government relating

to the offenses of conviction and all relevant conduct, or any information the defendant must provide related to this agreement.

10. **Exclusion from the Medicare Program and Other Federal Health Care Programs**: The defendant understands and acknowledges that as a result of this plea, the defendant will be excluded from Medicare, TRICARE and DOL-OWCP, and all Federal health care programs. The defendant agrees to complete and execute all necessary documents provided by any department or agency of the federal government, including but not limited to the United States Department of Health and Human Services, Department of Labor, and Department of Defense, to effectuate this exclusion within 60 days of receiving the documents. This exclusion will not affect the defendant's right to apply for and receive benefits as a beneficiary under any Federal health care program, including Medicare.

11. **Government's agreement**: The government will not bring any additional charges against the defendant based upon the conduct underlying and related to the defendant's plea of guilty. The government will file a Supplement in this case, as is routinely done in every case, even though there may or may not be any additional terms. The government will dismiss, after sentencing, any remaining charges in the pending indictment. This agreement is limited to the United States Attorney's Office for the Northern District of Texas and does not bind any other federal, state, or local prosecuting authorities, nor does it prohibit any civil or administrative proceeding against the defendant or any property.

12.     **Violation of agreement**:  The defendant understands that if the defendant violates any provision of this agreement, or if the defendant's guilty plea is vacated or withdrawn, the government will be free from any obligations of the agreement and free to prosecute the defendant for all offenses of which it has knowledge.  In such event, the defendant waives any objections based upon delay in prosecution.  If the plea is vacated or withdrawn for any reason other than a finding that it was involuntary, the defendant also waives objection to the use against the defendant of any information or statements the defendant has provided to the government, and any resulting leads.

13.     **Voluntary plea**:  This plea of guilty is freely and voluntarily made and is not the result of force or threats, or of promises apart from those set forth in this plea agreement.  There have been no guarantees or promises from anyone as to what sentence the Court will impose.

14.     **Waiver of right to appeal or otherwise challenge sentence**:  The defendant waives the defendant's rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, to appeal the conviction, sentence, fine and order of restitution or forfeiture in an amount to be determined by the district court.  The defendant further waives the defendant's right to contest the conviction, sentence, fine and order of restitution or forfeiture in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and 28 U.S.C. § 2255.  The defendant further waives the defendant's right to seek any future reduction in the defendant's sentence (e.g., based on a change in sentencing guidelines or statutory law).  The defendant, however, reserves the rights (a) to bring a direct appeal of (i) a sentence exceeding the statutory maximum punishment, or (ii) an arithmetic error at

sentencing, (b) to challenge the voluntariness of the defendant's plea of guilty or this waiver, and (c) to bring a claim of ineffective assistance of counsel.

15. **Representation of counsel**: The defendant has thoroughly reviewed all legal and factual aspects of this case with the defendant's attorney and is fully satisfied with that attorney's legal representation. The defendant has received from the defendant's attorney explanations satisfactory to the defendant concerning each paragraph of this plea agreement, each of the defendant's rights affected by this agreement, and the alternatives available to the defendant other than entering into this agreement. Because the defendant concedes that the defendant is guilty, and after conferring with the defendant's attorney, the defendant has concluded that it is in the defendant's best interest to enter into this plea agreement and all its terms, rather than to proceed to trial in this case.

16. **Entirety of agreement**: This document is a complete statement of the parties' agreement and may not be modified unless the modification is in writing and signed by all parties. This agreement supersedes any and all other promises, representations, understandings, and agreements that are or were made between the parties at any time before the guilty plea is entered in court. No promises or representations have been made by the United States except as set forth in writing in this plea agreement.

AGREED TO AND SIGNED this 26 day of December, 2023.

LEIGHA SIMONTON

UNITED STATES ATTORNEY

*Donna May* (signed)

DONNA STRITTMATTER MAX
Assistant United States Attorney
Texas Bar No. 24041984
DOUGLAS BRASHER
Assistant United States Attorney
Texas Bar No. 24077601
1100 Commerce Street, Third Floor
Dallas, Texas 75242
Telephone: 214.659.8600
Facsimile: 214.659.8800
Email: donna.max@usdoj.gov
Email: douglas.brasher@usdoj.gov

*Chad E. Meacham* (signed) for

TIFFANY EGGERS
Criminal Chief

I have read or had read to me this plea agreement and have carefully reviewed every part of it with my attorney. I fully understand it and voluntarily agree to it.

MARK DAVID SCHNEIDER (signed)
Defendant

Date: 12/26/2023

I am the defendant's attorney. I have carefully reviewed every part of this plea agreement with the defendant. To my knowledge and belief, my client's decision to enter into this plea agreement is an informed and voluntary one.

JEFFREY ANSLEY (signed)
Attorney for Defendant

Date: 12/26/2023