IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

UNITED STATES OF AMERICA

v.                                                   NO. 3:20-CR-0002-X

MARK DAVID SCHNEIDER (03)

## ASSET PRESERVATION AND LIQUIDATION AGREEMENT

I, Mark David Schneider, individually and by my attorney Jeffrey Ansley, hereby

agree and acknowledge as follows:

### ASSET PRESERVATION

1.      I understand that I will be ordered to pay restitution upon conviction in this

action.  The parties expect the judgment shall include a mandatory special assessment and

restitution in excess of $4 million.

2.      Upon entry of the criminal judgment, a lien will arise against my interest in

all property and rights to property.  See 18 U.S.C. §§ 3613(c) and 3201.  I understand that

like federal tax liens, that lien attaches to my interest in property and rights to property

and may be enforced to the fullest extent permitted by law.

3.      I acknowledge the United States has informed me that upon entry of

judgment, pursuant to the Federal Debt Collection Procedures Act (FDCPA), the United

States may apply for issuance of writs of garnishment or writs of execution for substantial

nonexempt property belonging or due to me.  See 28 U.S.C. §§ 3002, 3202, 3203, and

3205.

4.      Additionally, I acknowledge that the United States has informed me that upon entry of judgment, the United States may file a foreclosure action and petition the Court to appoint a receiver to take possession of and arrange for the sale of my real property. *See* 18 U.S.C. §§ 3613 and 3664(m)(1)(A); 28 U.S.C. §§ 2001-02, 3013, and 3201-03.

## ASSET PRESERVATION AND IDENTIFICATION

5.      Until my financial obligations are paid in full, I agree not to dissipate, dispose of, or transfer any asset in which I have an interest—whether direct or indirect; whether held individually or jointly; whether held by a spouse, relative, associate, nominee, business, trust, or other third party; and whether held in this country or outside the county—without prior express written consent of the U.S. Attorney's Office, except for (1) ordinary living expenses necessary to house, clothe, transport, and feed myself and those to whom I owe a legal duty of support; and (2) attorney's fees in connection with this criminal action.

6.      I shall notify the United States Attorney's Office and update my financial statement regarding any material change in my economic circumstances within 10 days of the event changing my financial condition.

7.      Until the financial obligations are paid in full, I shall submit supplemental financial statements and/or documents upon demand and submit to interviews by the government and the U.S. Probation Office regarding my financial condition.

## ASSET LIQUIDATION

8.    Based upon initial review of the financial statement submitted by Mark Schneider, dated October 16, 2023, the United States believes that he can make a substantial payment toward his anticipated judgment.

9.    He agrees to pay $125,000 to the United States within 14 days of the execution of this agreement.

10.    Upon payment, Mark Schneider will provide the United States an accounting of any and all property that he liquidated and/or anyone liquidated on his behalf to make the initial $125,000 downpayment to the United States.

11.    Mark Schneider agrees to make good-faith efforts toward paying the financial obligations detailed in paragraph 1 of this agreement, including making additional payments above the $125,000 both pre and post sentencing.

12.    Mark Schneider understands that until the judgment debt has been satisfied, the United States will evaluate his financial information and adjust the repayment plan accordingly, or demand a lump sum payment, if warranted.

13.    As and for consideration to avoid the United States filing writs of garnishment or writs of execution for substantial nonexempt property belonging or due to Mark Schneider that was expressly identified in his October 16, 2023 financial statement, Mark Schneider agrees to fully cooperate with the United States in the liquidation of additional assets to be applied towards the financial obligations detailed in paragraph 1 of this agreement.

14.     Mark Schneider further agrees that the United States may immediately seek any enforced collection as allowed by law against any property that he did not disclose in his financial statement dated October 16, 2023, and he will not oppose any such enforcement action.

15.     This agreement shall not alter the United States' ability to pursue collection of his debt through the Treasury Offset Program as authorized by the Debt Collection Act of 1982, as amended by the Debt Collection Improvement Act of 1996, and the Internal Revenue Code.

## ADDITIONAL TERMS

16.     The parties may modify this agreement only by writing signed by both parties, and that any dispute involving this agreement shall be resolved by the Court.

17.     If at any time Mark Schneider wishes to make payment in full outside of the terms of this agreement, he agrees that he must contact the United States to modify this agreement in writing to allow for full payment.

18.     This agreement shall remain in full force until the judgment referenced above is resolved, or until the Court enters an order dissolving or superseding this agreement.

19.     All payments identified in this agreement will be made in accordance with the timeline set herein via wire to the Federal Reserve/ United States Treasury

MꝶS

Department, 33 Liberty Street, New York, NY 11045, using the following instructions:

| ITEM | DESCRIPTION | CODING INFORMATION FOR FEDWIRE FORMAT |
|---|---|---|
| 2 | Receiving Bank ABA Code | 021030004 |
| 3 | Message Type Code | 1000 |
| 7 | Wire Amount | $125,000.00 |
| 9<br>10<br>11 | Receiver ABA name/Business Func code<br>Beneficiary Name<br>Account No. | TREAS NYC/CTR<br>DOJ/JMD/DCM<br>15030001 |
| 12 | Required Beneficiary Information:<br>*Collection Office Identifier<br>*Debtor Name<br>*DJ Number<br>*CDCS Number<br>*EFT No. | <br>USAO/TXN<br>Schneider, Mark David<br><br><br>TXN24E010 |

20.     This agreement is not an admission of liability, wrongdoing, or guilt on the part of any party.

21.     Each party to this agreement will bear its own legal and other costs incurred in connection with this matter, including the preparation and performance of this agreement.

22.     This agreement, together with the other instruments executed in connection with the plea in the Criminal Action, constitute the full and complete agreement between the parties, and no modification shall be effective unless in writing and signed by the party against which it is sought to be enforced.

23.     This agreement may be signed in counterparts, and all signature pages together shall be deemed one document.

24.     This agreement shall be deemed executed as of the date of the final signature.

25.     The parties shall be entitled to sign and transmit an electronic signature of this agreement (whether by facsimile, PDF, or other email transmission), which signature shall be binding on the party whose name is contained therein. Any party providing an electronic signature agrees to promptly execute and deliver to the other parties an original signed agreement upon request.

26.     This is a publicly available document, and we waive any claim that this document along with any information contained herein is subject to the Privacy Act of 1974, 5 U.S.C. § 552a.

## THE UNITED STATES OF AMERICA

DATED:   12/26/23        BY:   _____

Donna Max
Assistant United States Attorney
Northern District of Texas

## MARK SCHNEIDER – DEFENDANT

DATED:  12/26/2023       BY:   _____

Mark Schneider

DATED:   12/26/2023       BY:   _____

Counsel for Mark Schneider

Asset Preservation Agreement – Page 6